BECHER and others v. THE WELLS FLOURING MILL Co. and others.

*(Circuit Court, D. Minnesota. March, 1880.)*

CORPORATION—ASSIGNEES OF STOCK CERTIFICATES—SHARE-HOLDERS—TRANSFER UPON THE BOOKS OF THE CORPORATION.—The assignees of stock certificates in a corporation, by assignment from persons to whom the certificates were originally issued, are not, by virtue of such assignment, share-holders, when the transfer of shares is required to be made upon the books of the company.

SAME—SAME—EVIDENCE AS TO CHARACTER OF ASSIGNMENT.—Evidence is admissible in behalf of the corporation to show the true character of such assignment in order to determine the relation of the assignees.

SAME—SAME—ULTRA VIRES—INJUNCTION.—An injunction will be refused, upon the prayer of such assignees, for the purpose of restraining such corporation from holding a meeting in order to increase the corporate debt, or from increasing such debt until the stock in controversy has been transferred to the assignees upon the books of the company, or from voting upon the stock thus assigned, where it appears that the stock was merely pledged by the assignment of the certificates, and it was manifest that the proposed increase of the corporate debt was not *ultra vires.*

Application for injunction, *pendente lite.* Motion to dismiss the plaintiffs' bill upon the hearing.

*Davis, O'Brien & Wilson,* for plaintiffs.

*M. W. Green,* for defendants.

NELSON, J. A suit in equity is brought by the complainants, claiming to be stockholders in the defendant corporation by virtue of certain certificates of stock assigned to them by the persons to whom they were originally issued, and who appear as owners on the books of the corporation. The certificates are not only assigned to the complainants, but written direction is given to the secretary of the corporation to make the necessary transfer upon the books. These certificates represent 109 shares of the stock—40 shares assigned to E. J. Becher, and the remainder to L. A. Becher. The relief prayed for is that the corporation and other defendants, officers and stockholders, may be enjoined from calling or holding any meeting of the company for the purpose of increasing the debt of said corporation; from increas-

ing such debt until after this stock has been transferred to the complainants upon the books of said company; and that the said defendants, and each of them, may be restrained and prohibited from voting upon any stock so, as aforesaid, assigned to complainants; and from further increasing the debt of said company by any proceeding, or in any manner whatever, until the further order of the court. A perpetual injunction is also prayed for, as well as general relief.

The defendant corporation was organized under the laws of the state of Minnesota, (Minn. Rev. St. 396,) and has been in operation since May 30, 1879, incurring an indebtedness, up to this time, for improvements and milling machinery, to the maximum allowed by the articles of association.

It is proposed to call a meeting for the purpose of increasing the stock of the corporation, in accordance with the law, to meet the demands of business, and no notice has been given the complainants.

It is pretty well settled that the assignees of stock certificates in a corporation, by assignment from persons to whom the certificates were originally issued, are not, by virtue of such assignment, shareholders, when the transfer of shares is required to be made upon the books of the company. See Field on Corporations, 75; Angel & Ames on Corporations; Minn. Rev. St. 398, § 135.

The mere assignment gives the assignee an equitable title only, except as against the assignor. The certificates do not constitute property in the corporation; they are the muniments of title, but it is the shares of stock which constitute the property, and the persons whose names appear upon the books of the corporation are presumed to be the stockholders; they have the right to vote and participate in directing the policy of the company. The corporation has not recognized the complainants as stockholders, and thus waived any right to require such registry, and the affidavits read on the hearing do not make it clear that a demand for the transfer of the stock was ever made. If it was, and there was a refusal to comply, legal proceedings would undoubtedly secure to the complainants the proper relief. It is clear that if this court

has jurisdiction of the case to grant other equitable relief prayed it could also entertain a claim for damages on account of a refusal to make the proper transfer. This disposes of the preliminary motion to dismiss the bill.

It appears from the affidavits read that complainants, being the owners of a flouring mill in the village of Wells, Minnesota, sold it to the defendants Eaton, Thombs, Barnes, Southwick and Stevens, who organized, under the laws of the state of Minnesota, the corporation called "The Wells Flouring Mill Co." They paid a part of the purchase price and gave notes for the balance, pledging, as collateral security for payment, shares of stock, viz.: Twenty-five shares owned by Eaton, 20 shares owned by Southwick, 15 shares owned by Stevens, and 9 shares owned by Barnes, were assigned and pledged to L. A. Becher; and 40 shares, owned by Thombs, were assigned and pledged to E. G. Becher. The Southwick shares, by the terms of the pledge, became absolutely the property of L. A. Becher on failure to pay his obligations.

It is objected that these affidavits should not be received to vary or change the absolute assignment of the shares expressed in writing on the certificates. Whatever the rule may be, as between the assignors and assignees, I think the corporation can show the true character of the contract of assignment, and thus determine the relation of these assignees of stock certificates. If the shares of stock are merely pledged by the assignment of the certificates, the holders would not be entitled to the rights, nor subject to the liabilities, of the owners of shares; they could only become owners by a sale and purchase of the stock pledged, on failure of the pledgors to pay the debt.

The pledgees holding the certificates, and the corporation having notice thereof, it will be liable for any transfer upon the books of the company, of the pledged stock, without their consent. The bill charges that the defendants propose to increase the indebtedness of the company wrongfully and unnecessarily, but the opposing affidavits controvert this allegation.

It is clear that the stockholders have a right to increase

the stock, or indebtedness, of the corporation, if such policy is regarded necessary for the interests of the company. See Minn. Rev. St. 396, § 121; Laws Minn. 1875, p. 53.

A court of equity will not interfere with the internal policy of a corporation unless it is manifest that the proposed act is *ultra vires.* I am not satisfied, from the affidavits read at the hearing, that an increase of stock will cripple the corporation and make it insolvent, or that an increase of indebtedness may not be proper. There is no fraud or conspiracy on the part of the defendants, who are stockholders, to injure the complainants. I have not considered the question whether the complainants are entitled to any equitable relief, but, for the purposes of this motion, concede it.

An injunction is refused, and the restraining order is dissolved.